1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS A. JOHNSON AND BARBARA C. JOHNSON, Husband and wife,<br><br>                    Plaintiffs,<br><br>        v.<br><br>**AIR & LIQUID SYSTEMS CORPORATION**, individually and as successor-in-interest to BUFFALO PUMPS**; ASBESTOS CORP., LTD.; CBS CORPORATION**, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION; **CRANE CO.; FOSTER-WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY; GOULDS PUMPS, LLC**, f/k/a Goulds Pumps, Inc.; **IMO INDUSTRIES, INC**., individually and as successor-in-interest to IMO DELAVAL; **METROPOLITAN LIFE INSURANCE COMPANY; UNIROYAL, INC**.; and **WARREN PUMPS, LLC**,<br><br>                    Defendants. | No.<br><br>COMPLAINT FOR PERSONAL INJURY<br><br>JURY TRIAL DEMAND |

## I.    CIVIL ACTION COMPLAINT

PLAINTIFFS, Thomas A. Johnson and Barbara C. Johnson, husband and wife, sue the

above-named Defendants for compensatory and punitive damages, by and through their

COMPLAINT FOR PERSONAL INJURY - 1

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

attorneys, Schroeter, Goldmark, & Bender, and hereby bring this Civil Action Complaint, and allege:

II.      PARTIES

1.      The Plaintiffs, Thomas A. Johnson and Barbara C. Johnson ("Plaintiffs") are citizens of the State of Washington where Thomas A. Johnson was exposed to asbestos during the course of his career.

2.      Defendant, AIR & LIQUID SYSTEMS CORPORATION, individually and as successor-in- interest to BUFFALO PUMPS, was and is a company incorporated under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.  At all times material hereto, AIR & LIQUID SYSTEMS CORPORATION, individually and as successor-in- interest to BUFFALO PUMPS mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Buffalo Pumps that required asbestos in order to operate.  In addition, at all times material hereto, AIR & LIQUID SYSTEMS CORPORATION, individually and as successor-in- interest to BUFFALO PUMPS, manufactured, processed, imported, converted, compounded, supplied, installed replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  AIR & LIQUID SYSTEMS CORPORATION, individually and as successor-in- interest to BUFFALO PUMPS has done and does business in the State of Washington.

COMPLAINT FOR PERSONAL INJURY - 2

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

3.      ASBESTOS CORPORATION LTD. is a corporation organized under the laws of the Canada with its principal place of business in Canada. At all times material hereto, ASBESTOS CORPORATION LTD. mined, manufactured, sold, distributed, and supplied asbestos fibers for use in asbestos-containing products, including but not limited to, asbestos containing cements, which were heavily used in shipyards such as Puget Sound Naval Shipyard ("PSNS") during the time Mr. Johnson was employed there, and has done and does substantial business in and about the State of Washington.

4.      CBS CORPORATION, f/k/a Viacom, Inc., sued as successor-by-merger to CBS Corporation f/k/a Westinghouse Electric Corporation and successor in interest to BF Sturtevant was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, CBS CORPORATION, f/k/a Viacom, Inc., sued as successor-by-merger to CBS Corporation f/k/a Westinghouse Electric Corporation and successor in interest to BF Sturtevant, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos containing BF Sturtevant circulating pump turbines and Westinghouse turbines that required asbestos in order to operate. CBS CORPORATION, f/k/a Viacom, Inc., sued as successor-by-merger to CBS Corporation f/k/a Westinghouse Electric Corporation and successor in interest to BF Sturtevant has done and does business in the State of Washington.

5.      CRANE CO. was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Connecticut. At all times material hereto, CRANE CO., mined, manufactured, processed, imported, converted, compounded, supplied,

COMPLAINT FOR PERSONAL INJURY - 3

installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos containing Crane valves and Chapman valves that required asbestos in order to operate. CRANE CO. has done and does business in the State of Washington.

6.     FOSTER WHEELER ENERGY CORPORATION was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. At all times material hereto, FOSTER WHEELER ENERGY CORPORATION, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, Foster Wheeler boilers, tubesets, condensers that required asbestos in order to operate. FOSTER WHEELER ENERGY CORPORATION has done and does business in the State of Washington.

7.     GENERAL ELECTRIC COMPANY was and is a company incorporated under the laws of the State of New York with its principal place of business in Connecticut. At all times material hereto, GENERAL ELECTRIC COMPANY, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, General Electric turbines and ship's service generators that required asbestos in order to operate. GENERAL ELECTRIC COMPANY has done and does business in the State of Washington.

8.     Defendant, GOULDS PUMPS, LLC, f/k/a Goulds Pumps, Inc., was and is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in New York.  GOULDS PUMPS, LLC is a wholly-owned

COMPLAINT FOR PERSONAL INJURY - 4

subsidiary of ITT Inc., a publicly traded corporation.  ITT Inc. does not have a parent company GOULDS PUMPS LLC's member is InTelCo Management, LLC, domiciled in Connecticut, and InTelCo Management LLC's member is ITT Inc., an Indiana corporation headquartered in New York.  At all times material hereto, GOULDS PUMPS, LLC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, Goulds pumps that required asbestos in order to operate.  GOULDS PUMPS, LLC. has done and does business in the State of Washington.

9.      Defendant, IMO INDUSTRIES, INC., individually and as successor in interest to IMO DELAVAL, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.  At all times material hereto, IMO INDUSTRIES, INC., individually and as successor in interest to IMO DELAVAL mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, DeLaval turbines and pumps, and C.H. Wheeler air ejectors that required asbestos in order to operate.  IMO INDUSTRIES, INC., individually and as successor in interest to IMO DELAVAL has done and does business in the State of Washington.

10.     Defendant, METROPOLITAN LIFE INSURANCE COMPANY, was and is a company incorporated under the laws of the State of New York with its principal place of business in New York. METROPOLITAN LIFE INSURANCE COMPANY has done and

COMPLAINT FOR PERSONAL INJURY - 5

does business in the State of Washington.   METROPOLITAN LIFE INSURANCE COMPANY is named as a conspiracy defendant.

11.   Defendant, UNIROYAL HOLDING INC., f/k/a UNITED STATES RUBBER COMPANY, INC. was and is a company incorporated under the laws of the State of New Jersey with its principal place of business in Connecticut.   At all times material hereto, UNIROYAL HOLDING INC., f/k/a UNITED STATES RUBBER COMPANY, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, Asbeston cloth. UNIROYAL HOLDING INC., f/k/a UNITED STATES RUBBER COMPANY, INC. has done and does business in the State of Washington.

12.   Defendant, WARREN PUMPS LLC, was and is limited liability company (hereafter Warren) incorporated under the laws of the State of Delaware with its principal place of business in Massachusetts.   WARREN PUMPS LLC's only member is IMO Industries, Inc., a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.   At all times material hereto, WARREN PUMPS LLC, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, manufacturer of Warren pumps, machinery and/or equipment that contained asbestos or required asbestos in order to operate. WARREN PUMPS LLC has done and does business in the State of Washington.

COMPLAINT FOR PERSONAL INJURY - 6

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

13.     Defendant, THE WILLIAM POWELL COMPANY, was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio. At all times material hereto, THE WILLIAM POWELL COMPANY, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, Powell valves.  THE WILLIAM POWELL COMPANY has done and does business in the State of Washington.

III.     JURISDICTION

14.     This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of Washington and/or at all material times are or have been engaged in business in the State of Washington.

15.     Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because the parties to the suit are completely diverse in that none of the Defendants are citizens of the same state as the Plaintiff.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

16.     Pursuant to 28 U.S.C.A. §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in Washington.

17.     Plaintiff has satisfied all conditions precedent to the filing of this action. All of the named defendants are foreign corporations that are amenable to jurisdiction in the courts of Washington, by virtue of their respective conduct of substantial and/or systematic business in Washington or by virtue of their commission of tortious acts in Washington. At all material times, with the exception of Metropolitan Life Insurance Company, each defendant corporation used, mined, manufactured, processed, imported, converted, compounded,

COMPLAINT FOR PERSONAL INJURY - 7

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

supplied, installed, replaced, repaired, incorporated into their product design, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment which were sold, distributed, and used in Washington. Plaintiff, while working at PSNS, was exposed to various asbestos-containing products listed in paragraphs 2 through 13, for which asbestos exposure the Defendants are jointly & severally liable.

IV.     FACTUAL BACKGROUND

18.     Plaintiffs are Thomas A. Johnson and Barbara C. Johnson, husband and wife. Plaintiffs reside in Bremerton, Washington.

19.     For Plaintiff Thomas A. Johnson:

A.     Date of Birth:  XX-XX-1931.

C.     Plaintiff Thomas A. Johnson worked at Puget Sound Naval Shipyard ("PSNS") from 1952 – 1991 as a Rigger Helper (1952 – 58), Rigger (1958 – 66), Radiation Monitor (1966 – 67), Rigger Foreman (1967 – 73), and Rigger General Foreman (1985 – 91). During his employment at PSNS, up to approximately 1979, Plaintiff was exposed to asbestos and/or asbestos-containing products manufactured and/or sold by defendants, except Metropolitan Life Insurance Company.

D.     During the employment referenced above, up to approximately 1979, Plaintiff Thomas A. Johnson was exposed to asbestos and asbestos-containing products, and products manufactured for foreseeable use with asbestos products, manufactured, used, and/or sold by defendants, except Metropolitan Life Insurance Company.

E.     Plaintiff believes he has been exposed to the asbestos-containing products, and products manufactured for foreseeable use with asbestos products, of every named defendant in this lawsuit, except Metropolitan Life Insurance Company.

COMPLAINT FOR PERSONAL INJURY - 8

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

F.      As a result of this exposure, Plaintiff Thomas A. Johnson has developed asbestos-related disease, specifically mesothelioma.   He first learned in approximately September 2016 that he had mesothelioma, caused by asbestos exposure. Plaintiff has been treated for his asbestos-related disease, namely mesothelioma, by Dr. Malcolm Winter.

## V.      LIABILITY AND RELIEF

20.      Defendants are foreign corporations who, at all relevant times, have done business in the State of Washington.

21.      Each defendant corporation or its predecessor-in-interest, with the exception of Metropolitan Life Insurance Company, manufactured and/or put asbestos and asbestos-containing products, and products manufactured for foreseeable use with asbestos products, into the stream of commerce and/or used asbestos containing material at work sites where Plaintiff Thomas A. Johnson worked.

22.      Plaintiffs claim liability based upon the theories of product liability, including, but not limited to negligence, strict product liability (for example, Restatement (Second) of Torts § 402A), concert of action and conspiracy, premises liability, the former RCW 49.16.030, and any other applicable theory of liability, including, if applicable, RCW 7.72 et seq.

23.      The manufacturer/distributor defendants identified above are liable for, among other things, the following conduct:  negligent and unsafe design; failure to inspect, test, warn, instruct, monitor and/or recall; failure to substitute safe products; marketing products not reasonably safe as manufactured; marketing products not reasonably safe as designed; and marketing products not reasonably safe for lack of adequate warnings.

COMPLAINT FOR PERSONAL INJURY - 9

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

24.     Certain defendants engaged in concerted, and/or conspiratorial activities or omissions which prevented adequate warnings concerning the hazards of asbestos and asbestos-containing products from being provided to those using or exposed to asbestos and asbestos-containing products.   These activities also resulted in the manufacture and distribution of products that were not reasonably safe as designed.   In this connection, plaintiffs have sued Metropolitan Life Insurance Company in its capacity as a conspirator based on concert of action.

25.     These actions or omissions of defendants, and each of them, proximately caused severe personal injury and other damages to Plaintiffs.

## VI.     DAMAGES

26.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

27.     As a result of the development of asbestos related diseases, Plaintiff has suffered and sustained very serious injuries to his person, to wit: mesothelioma.

28.     Plaintiff has further suffered great pain, extreme nervousness, and mental anguish as a direct result of the aforesaid injuries.

29.     Plaintiff verily believes that his injuries and illnesses are recurrent in nature and that he will be forced to suffer same for the remainder of his life; that his enjoyment of life has been greatly impaired; and further, that his expected life span has been greatly shortened.

30.     Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid alleged.

COMPLAINT FOR PERSONAL INJURY - 10

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

31.     Plaintiff Barbara C. Johnson has suffered and will suffer damages for loss of companionship, services and consortium.

32.     Plaintiffs' children have also suffered and will suffer damages for loss of love, care, and companionship.

33.     WHEREFORE, Plaintiff Thomas A. Johnson verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

34.     WHEREFORE, Plaintiffs pray for judgment against the Defendants and each of them as follows:

A.  Award the Plaintiff compensatory damages, in an amount to be determined at trial;

B.  Award the Plaintiff punitive damages, if applicable;

C.  Award the Plaintiff pre-judgment and post-judgment interest and any other costs, expenses or fees to which the Plaintiff may be entitled by law; and

D.  Award the Plaintiff such other and further relief as is just and proper.

 **A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES.**

DATED this 30th day of May, 2017.

COMPLAINT FOR PERSONAL INJURY - 11

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

SCHROETER, GOLDMARK & BENDER

THOMAS J. BREEN, WSBA #34574

LUCAS GARRETT, WSBA #38452

KRISTIN HOUSER, WSBA #7286
810 Third Avenue, Suite 500
Seattle, WA  98104
(206) 622-8000

breen@sgb-law.com
garrett@sgb-law.com
houser@sgb-law.com

*Counsel for Plaintiffs*

COMPLAINT FOR PERSONAL INJURY - 12