Christopher Marks, WSBA #28634
Sedgwick LLP
520 Pike Tower
520 Pike Street, Suite 2200
Seattle, Washington 98101
(855) 855-8573

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS A. JOHNSON and BARBARA C. JOHNSON, Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORP., et al.,<br><br>Defendants. | No. 2:17-cv-00834-TSZ<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter is before the Court on the parties' Joint Motion for Entry of Stipulated Protective Order. Plaintiff, THOMAS A. JOHNSON, has brought this action against Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"). Plaintiff and Westinghouse have commenced discovery and desire that the disclosure of all documents and information in this action shall comply with the applicable Arms Export Controls Act, U.S. Export Administration Regulations ("EAR") and the Export Administration Act, the International Traffic in Arms Regulations ("ITAR") and the export control laws of the U.S. Government. Plaintiff and Westinghouse have stipulated and

STIPULATED PROTECTIVE ORDER    1

established that good cause exists for the entry of a Protective Order.

**THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED AS FOLLOWS:**

1. Plaintiff and Westinghouse agree that the disclosure of all documents and information in this action, including during all discovery matters, such as depositions, document productions, interrogatory responses, expert reports and party admissions, and all court and trial presentations shall comply with the applicable U.S. Export Administration Regulations ("EAR"), the International Traffic in Arms Regulations ("ITAR") and the export control laws of the U.S. Government (documents and information subject to such laws are referred to collectively as "export controlled documentation").

2. Export controlled documentation shall not be disclosed to any person, including any party, witness, consultant, expert or corporate representative that is not a United States citizen or lawful permanent resident of the United States or a protected individual granted asylum or refugee status or to a foreign corporation that is not organized or incorporated to do business in the United States (collectively known as "non-US persons").

3. The statement **"Export controlled - this document contains data whose export/ transfer/disclosure is restricted by US law. Dissemination to non-US persons whether in the United States or abroad requires an export license or other authorization," "Export Controlled,"** or similar shall be placed on each individual page of all export controlled documentation in order to properly identify that the document is considered by Westinghouse to be export controlled documentation. The list of export

STIPULATED PROTECTIVE ORDER 2

controlled documentation presently identified as subject to this Stipulated Protective Order is attached as Exhibit A.

4. Unless ordered by the Court, or otherwise provided for herein, the export documentation disclosed shall be kept confidential in accordance with the terms of this Order, and will be held and used by the party receiving such information solely in connection with this civil action and will be used for no other purpose.

5. In the event Plaintiff challenges Westinghouse's designation of a document, statement, report, or testimony as export controlled, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court, but shall abide by the designation pending the Court's resolution. Nothing in this Stipulated Protective Order operates to create an admission by any party that export controlled documentation disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all export controlled documentation disclosed, in accordance with applicable law and Court rules.

6. At the conclusion of litigation, the export controlled documentation and any copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to Westinghouse or certified as destroyed. For the purposes of this paragraph, the "conclusion of litigation" shall mean by settlement, by the final decision of the Court that has become nonappealable, or by a final disposition on appeal.

7. No party shall, for himself/herself or itself or for any person or persons acting on his/her or its behalf, make electronic copies of any export controlled documentation or

STIPULATED PROTECTIVE ORDER    3

Sedgwick LLP
520 Pike Street, Suite 2200
Seattle, Washington 98101
(855) 855-8573

transmit export controlled documentation by electronic means.

8. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to export documentation; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

9. The parties agree to submit this Stipulated Protective Order for entry by the Court and to be bound by its terms prior to and subsequent to entry by the Court.

**THIS PROTECTIVE ORDER OF CONFIDENTIALITY AGREED TO BY:**

Date: November 22, 2017  By: s/Elizabeth McLafferty
Elizabeth McLafferty, WSBA #45291
Attorney for Plaintiff

Date: December 11, 2017  By: s/Christopher S. Marks
Christopher S. Marks, WSBA #28634
Attorney for Defendant CBS Corporation

The Court has reviewed the parties' Joint Motion for Entry of Stipulated Protective Order. Having considered relevant factors, the Court finds good cause to maintain the confidentiality of the materials.

IT IS ORDERED adopting as set forth in the Stipulated Protective Order.

DATED this 13th day of December, 2017.

_____
Thomas S. Zilly
United States District Judge

STIPULATED PROTECTIVE ORDER    4

Sedgwick LLP
520 Pike Street, Suite 2200
Seattle, Washington 98101
(855) 855-8573

# EXHIBIT A
# DOCUMENTS SUBJECT TO STIPULATED PROTECTIVE ORDER
*Thomas A. Johnson v. Air & Liquid Systems Corp., et al. Case No. No. 2:17-cv-00834-TSZ*

| | |
|---|---|
| USS Charles E. Brannon (DE-446) | CEBRN-22 to -28; -37 to -38; -58; -80 to -86; -95 to -96 |
| USS Rombach (DE-364) | RMBCH-26 to -31; -51 to -55; -82; -93; -111 to -112 |
| USS Yorktown (CV-10) | YRKTN-89 to -92; -123 to -124; 130 to -131 |
| USS Waddell (DDG-24) | WADL-45 to -63; -92 to -97; -115 to -121; -133 to -137; -142 to -145; -150 to -153 |

STIPULATED PROTECTIVE ORDER 5

Sedgwick LLP
520 Pike Street, Suite 2200
Seattle, Washington 98101
(855) 855-8573