UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS A. JOHNSON and BARBARA
C. JOHNSON, husband and wife,

Plaintiffs,

v.

CBS CORPORATION f/k/a VIACOM,
INC., successor by merger to CBS
CORPORATION f/k/a WESTINGHOUSE
ELECTRIC CORPORATION; and
GENERAL ELECTRIC COMPANY,

Defendants.

C17-834 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The deadline for filing trial briefs is EXTENDED from noon on Monday, March 26, 2018, to **noon** on Wednesday, March 28, 2018. Trial briefs shall not exceed thirty (30) pages per side; defendants may file separate trial briefs or a consolidated trial brief, but they may not in the aggregate exceed the stated page limitation.

(2) Defendant General Electric Company's motion for summary judgment, docket no. 72, and defendant CBS Corporation's motion for summary judgment, docket no. 81, are DENIED in part and DEFERRED in part, as follows:

(a) During the telephonic conference held on March 15, 2018, plaintiffs' counsel indicated that plaintiffs are pursuing their claims in connection with both

MINUTE ORDER - 1

internal asbestos-containing parts and external asbestos-containing insulation. Although plaintiff Thomas A. Johnson has testified that, as a rigger, he was involved in tearing apart turbines, *see* T. Johnson Dep. at 58:24-59:12, Ex. 5 to Garrett Decl. (docket no. 125-2), which are alleged to have been manufactured by General Electric Company and/or CBS Corporation's predecessor, plaintiffs have not identified any internal component of the turbines at issue that contained or was comprised of asbestos. In their trial brief, plaintiffs shall SHOW CAUSE why the Court should not grant defendants' motions for summary judgment as to all claims premised on exposure to any internal asbestos-containing elements of the turbines at issue. As to plaintiffs' claims relating to internal asbestos-containing parts, the motions are DEFERRED.

(b) With respect to plaintiffs' negligent failure-to-warn claims based on exposure to external asbestos-containing insulation, the motions are DEFERRED. The parties have agreed and the Court concludes that federal maritime law applies to plaintiffs' claims. *See* Minutes (docket no. 165); *see also Nelson v. Air & Liquid Sys. Corp.*, 2014 WL 6982476 at *8-*9 (W.D. Wash. Dec. 9, 2014). In *Nelson*, the district court predicted that the Ninth Circuit would adopt a rule of maritime law absolving a manufacturer of liability for replacement or other parts that it did not itself place into the stream of commerce, regardless of whether the manufacturer's product originally contained, or was designed to include, asbestos components. 2014 WL 6982476 at *13 (citing *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488 (6th Cir. 2005); *Cabasug v. Crane Co.*, 989 F. Supp. 2d 1027 (D. Haw. 2013); *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791 (E.D. Pa. 2012); *Braaten v. Saberhagen Holdings*, 165 Wn.2d 373, 198 P.3d 493 (2008); *Simonetta v. Viad Corp.*, 165 Wn.2d 341, 197 P.3d 127 (2008)). *Nelson* and the cases on which it relied, however, predate the Third Circuit's opinion in *In re: Asbestos Prods. Liab. Litig. (No. VI)*, 873 F.3d 232 (3d Cir. 2017). In that case, the Third Circuit concluded that, under federal maritime law, a manufacturer of a "bare-metal product" may be held liable, under the negligent failure-to-warn theory, for injuries that a plaintiff suffered as a result of later-added asbestos-containing materials if the manufacturer "reasonably could have known, at the time it placed its product into the stream of commerce, that (1) asbestos is hazardous, and (2) its product will be used with an asbestos-containing part, because (a) the product was originally equipped with an asbestos-containing part that could reasonably be expected to be replaced over the product's lifetime, (b) the manufacturer specifically directed that the product be used with an asbestos-containing part, or (c) the product required an asbestos-containing part to function properly." *Id.* at 240 (footnotes and citations omitted). In their trial briefs, the parties shall address whether the Ninth Circuit is more likely to adopt the Third Circuit's approach instead of the Sixth Circuit's analysis in *Lindstrom*, at least with respect to failure-to-warn claims sounding in negligence, and whether plaintiffs have presented a triable issue concerning CBS Corporation's and/or General Electric Company's

knowledge, as measured by the Third Circuit's standard, with respect to external asbestos-containing insulation.[1]

(c) With respect to plaintiffs' strict product liability failure-to-warn claims relating to external asbestos-containing insulation, the motions are DEFERRED. In their trial briefs, the parties shall address whether, under federal maritime law, the "bare-metal product" defense precludes plaintiffs' strict product liability failure-to-warn claims regarding external asbestos-containing insulation, which defendants undisputedly did not manufacture. *See In re: Asbestos Prods. Liab. Litig.*, 873 F.3d at 237 (recognizing, without deciding, that the "bare-metal product" defense is stronger in strict liability because, in strict liability, the manufacturer's duty is limited to its product).

(d) As to any unsafe design or other theory of liability different from breach of a duty to warn, plaintiffs shall SHOW CAUSE in their trial briefs why defendants' motions for summary judgment should not be granted. *See Chesher v. 3M Co.*, 234 F. Supp. 3d 693 (D.S.C. 2017) (distinguishing, for purposes of the "bare-metal product" or aftermarket-replacement defense, between manufacturing or design defect claims and failure-to-warn claims, but not addressing the differences between negligence and strict product liability). With respect to any manufacturing or design defect claims, the motions are DEFERRED.

(e) With regard to the government-contractor defense, defendants' motions are DENIED in part and DEFERRED in part, as follows:

(i) To prevail on the government-contractor defense as to a failure-to-warn claim, a contractor must establish (1) the government approved reasonably precise specifications that limited the contractor's ability to comply with its duty to warn, (2) the equipment at issue

---

[1] General Electric Company's motion to strike, docket no. 146, is DENIED. The Court has considered the evidence proffered by plaintiffs to the extent appropriate and consistent with Federal Rule of Civil Procedure 56(c), which permits the Court to take into account material that could be offered at trial in an admissible form. With respect to the opinion of Everett Cooper, specifically, the Court is satisfied that, notwithstanding his unfamiliarity with naval ships and the practices of the Puget Sound Naval Shipyard, Mr. Cooper has the requisite expertise to testify that steam turbines "require insulation on the exterior in order to function properly." Cooper Decl. at ¶ 18 (docket no. 121); Cooper Report at ¶ 18 (docket no. 58-5). As he explained in his deposition, insulation is necessary to protect personnel from the heat generated by such steam-based equipment and to make the system more efficient by conserving the heat or energy. *See* Cooper Dep. at 123:8-126:12 (docket no. 167). The Court will consider Mr. Cooper's opinion in assessing whether plaintiffs have presented a triable issue on their negligent failure-to-warn claim relating to external asbestos-containing insulation, but makes no ruling concerning the permitted scope of Mr. Cooper's testimony at trial.

MINUTE ORDER - 3

conformed to the government's specifications, and (3) the contractor warned the government about the dangers in the use of the equipment that were known to it but not to the government. *See Getz v. Boeing Co.*, 654 F.3d 852, 861 & 866-67 (9th Cir. 2011) (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 749 (9th Cir. 1997)). Whether the government's specifications concerning the turbines at issue limited CBS Corporation's and/or General Electric Company's abilities to comply with any duty to warn as to external asbestos-containing insulation involves genuine disputes of material fact that preclude summary judgment. *See* Fed. R. Civ. P. 56(a). Thus, with regard to plaintiffs' claims premised on external asbestos-containing insulation, defendants' motions for summary judgment on the basis of the government-contractor defense are DENIED.

        (ii)    With regard to the government-contractor defense relating to any internal asbestos-containing components, the motions are DEFERRED pending review of plaintiffs' trial brief.

(3)    Plaintiffs' motions for partial summary judgment as to CBS Corporation's affirmative defenses, docket no. 90, and General Electric Company's affirmative defenses, docket no. 93, are DENIED in part and GRANTED in part, as follows. Defendants' affirmative defenses fall into three categories: (1) comparative fault; (2) empty chair; and (3) government contractor.

    (a)    With respect to the latter, government-contractor defense, for the same reasons set forth in Paragraph 2(e)(i), above, plaintiffs' motion to strike such defense is DENIED.

    (b)    The comparative fault defenses (failure to mitigate, contributory negligence, assumption of the risk) concern whether plaintiff Thomas A. Johnson knew about the hazards associated with asbestos and failed to use available protective equipment to reduce his risk. The Court cannot make a ruling as a matter of law on these issues, and plaintiffs' motion to strike such defenses is DENIED. *See* Fed. R. Civ. P. 56(a).

    (c)    The empty chair defenses (sophisticated-purchaser or intermediary, intervening or superseding cause) involve whether the government (*i.e.*, the United States Navy and/or the Puget Sound Naval Shipyard) knew the hazards of asbestos and failed to protect Mr. Johnson from them, thereby relieving defendants of any liability. Defendants concede that the sophisticated-purchaser or intermediary defense is generally unavailable in maritime law, and they cited to only Washington law in support of such defense. *See* G.E. Co.'s Resp. at 16 (docket no. 110); CBS Corp.'s Resp. at 15-16 (docket no. 114); *see also Mack v. Gen. Elec. Co.*, 896 F. Supp. 2d 333, 342-43 (E.D. Pa. 2012) (canvassing the authorities

and holding that maritime law recognizes the sophisticated-user defense, but not the sophisticated-purchaser or intermediary defense). Defendants have since acknowledged that this case is governed by maritime law. The intervening or superseding cause defense is merely another way of asserting the sophisticated-purchaser or intermediary defense, and the Court concludes, for the reasons set forth in *Mack*, that such defense does not apply in this context. The Court is also persuaded, as a matter of law, that defendants have not made the requisite showing to pursue an intervening or superseding cause defense. Under maritime law, the superseding cause doctrine applies when "the defendant's negligence in fact substantially contributed to the plaintiff's injury, but the injury was actually brought about by a later cause of independent origin that was not foreseeable." *Stolt Achievement, Ltd. v. Dredge B.E. LINDHOLM*, 447 F.3d 360, 367-68 (5th Cir. 2006). Defendants cannot demonstrate that any failure on the government's part to warn Mr. Johnson about or otherwise protect him from the hazards of asbestos was unforeseeable. Plaintiffs' motion to strike the empty-chair defenses is GRANTED, and the sophisticated-purchaser or intermediary and intervening or superseding cause defenses are STRICKEN with prejudice.

(4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 22nd day of March, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 5