# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

THOMAS A. JOHNSON, et al.,

    Plaintiffs,

v.

CBS CORPORATION, et al.,

    Defendants.

C17-834 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' motions in limine, docket no. 161, are GRANTED in part and DEFERRED in part, as follows:

    (a) Plaintiffs' motion to exclude certain documents is GRANTED in part and DEFERRED in part. In light of the Court's prior ruling striking defendants' sophisticated-purchaser or intermediary defense, *see* Minute Order at ¶ 3(c) (docket no. 176), defendants will not be permitted to offer these documents to establish the "sophistication" concerning asbestos of the United States Navy, the Puget Sound Naval Shipyard, or the union for insulation workers, of which plaintiff Thomas A. Johnson was not a member. The question of whether defendants may offer these documents to show Mr. Johnson knew or should have known of the hazards of asbestos and/or the steps he might have taken to reduce his risk of injury is DEFERRED. At the hearing on March 30, 2018, defendants' counsel shall be prepared to make an offer of proof as to each document they wish to offer at trial concerning whether Mr. Johnson received, saw, read, or was otherwise familiar with the contents of the document during the time he worked at the Puget Sound Naval Shipyard. Absent an express ruling from the Court that a document or documents listed in plaintiffs' motion to exclude may be offered at trial, no party shall mention such document or documents in opening statement.

MINUTE ORDER - 1

(b) Plaintiffs' motion to exclude the Complaint is GRANTED in part and DEFERRED in part. Defendants will not be permitted to offer the Complaint as evidence at trial. Counsel shall meet and confer prior to the hearing on March 30, 2018, to attempt to reach agreement regarding what information should be provided to the jury about entities that are no longer defendants in this matter.

(c) Plaintiffs' motion to exclude evidence of collateral sources is GRANTED. This ruling does not prevent defendants from identifying other ways in which Mr. Johnson was exposed to asbestos; it merely precludes defendants from offering evidence or argument concerning payments or settlement funds plaintiffs received from other entities. *See* Fed. R. Evid. 408.

(d) Plaintiffs' motion to exclude evidence or argument suggesting that the union of which he was a member should have warned of or protected him from the hazards of asbestos is GRANTED.

(e) Plaintiffs' motion to admit certain documents, namely (i) the 1933 letter from Alice Hamilton to Gerard Swope, (ii) the 1934 letter from Stewart Clark to Alice Hamilton, (iii) the 1934 report on a General Electric Company plant in Philadelphia, and (iv) the 1942 Safety Practice Bulletin, is GRANTED. The Court makes no ruling concerning whether any other documents related to these documents are admissible. Plaintiffs' motion to admit the 1989 Technical Information Letter is DEFERRED.

(f) Plaintiffs' motion to exclude the decision in *Allen v. Asbestos Corp.*, 138 Wn. App. 564, 157 P.3d 406 (2007), is GRANTED.

(g) Plaintiffs' motion to exclude mention of or argument about stricken affirmative defenses is GRANTED. To the extent plaintiffs' motion seeks other relief, it is DEFERRED.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 23rd day of March, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2